UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSIE J. BARNES,

                            Plaintiff,                      9:19-cv-109
                                                                    (ECC/MJK)

v.

DONALD UHLER, et al.,

                            Defendants.

---

**Appearances:**

Jessie J. Barnes, *Plaintiff, Pro se*
Thomas A. Cullen, Asst. Att'y Gen., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Jessie Barnes commenced this action pro se, asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at Upstate Correctional Facility. *See generally* Amended Complaint (AC), Dkt. No. 166. On July 12, 2024, Defendant filed a motion for summary judgment under Fed. R. Civ. P. 56(a) seeking to dismiss the Amended Complaint in its entirety. Dkt. No. 380. Plaintiff did not file any opposition to the Defendants' motion, despite the Court affording him multiple extensions of time to do so. Dkt. Nos. 387, 388, 389, 390, 391, 392, 393, 395. This matter was assigned to United States Magistrate Judge Mitchell J. Katz who, on February 21, 2025, issued an Order and Report-Recommendation (Report-Recommendation) recommending that Defendants' motion for summary judgment be granted in part and denied in part. Dkt. No. 410. Magistrate Judge Katz advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to the report within

fourteen days would preclude appellate review. Dkt. No. 410 at 102. Plaintiff filed objections to the Report-Recommendation. Dkt. Nos. 412, 417. Additionally pending before the Court is Plaintiff's motion requesting sanctions against defense counsel and that the Court "reverse summary judgment erroneous decision with prejudice [sic]." Dkt. No. 424. For the following reasons, Magistrate Judge Katz's Report-Recommendation is adopted in its entirety, and Plaintiff's motion for sanctions is denied.

## II.      THE REPORT RECOMMENDATION

### A.      Standard of Review

A district court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify (1) the portions of the proposed findings, recommendations, or report to which it has an objection and (2) the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-cv-322 (TJM/DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a pro se case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect pro se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB/JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

### B. The Report-Recommendation[1]

Magistrate Judge Katz recommended that Defendants' motion for summary judgment be granted in part and denied in part. Dkt. No. 410. Magistrate Judge Katz recommended that Defendants' motion for summary judgment be denied as to Plaintiff's Eighth Amendment excessive force/failure to intervene claims which arose on (1) April 12, 2016 against Defendants Truax, Fleury, Stephen, Helms, Page, and St. Mary; and (2) February 13, 2017 against Defendants Cook, Lamica, Ayers, Baily, Hoffnagle, and Derouchie surrounding the alleged use of force in the lower holding pen. Magistrate Judge Katz further recommended that Defendants' motion for summary judgment be denied as to Plaintiff's Eighth Amendment conditions of confinement

---

[1] The procedural history of this case is lengthy and complex. The Court assumes familiarity with the procedural and factual background as set forth in the Report-Recommendation, including Magistrate Judge Katz's recitation of the remaining defendants and claims in this action as of the filing of the motion for summary judgment. *See generally* Dkt. No. 410.

claims against Defendants Hollenbeck, Fletcher, and Salls related to alleged noise pollution. Magistrate Judge Katz also recommended that Defendants' motion for summary judgment be denied as to Plaintiff's First Amendment retaliation claims which arose on (1) February 8, 2016 against Defendant Leclerc related to the issuance of a false misbehavior report; (2) October 19, 2016 against Defendant Smith related to the issuance of a false misbehavior report that day; and (3) February 13, 2017 against Defendant Derouchie related to his alleged failure to intervene/protect Plaintiff. Magistrate Judge Katz recommended that Defendants' motion for summary judgment be granted in all other respects.

### C. Plaintiff's Objections

#### 1. June 21, 2018 Retaliation Claim

Plaintiff contends that the Defendants attempted to remove him from his cell on June 21, 2018 day to place him near incarcerated individual Reeder, who was known to create significant noise pollution, in retaliation for filing grievances. Dkt. No. 412 at 2. Reviewing this portion of the Report-Recommendation *de novo*, the Court concludes that Plaintiff has not made out a claim for retaliation based on the events transpiring on June 21, 2018. First, Defendants submitted overwhelming evidence, including party affidavits, photographs, and internal DOCCS reports, establishing that Plaintiff placed his own feces and toilet paper in a bag that he returned to CO Howell that was intended to hold Plaintiff's mess-hall items. Plaintiff even concedes the "possibility" that he placed toilet paper in the bag before handing it to CO Howell. Dkt. No. 383-2 at 214-15. Defendants have also submitted evidence establishing that he was removed from his cell that day for a cell search and transfer after the aforementioned incident. Plaintiff did not file any opposition with respect to this claim, and his allegations are inconsistent as to why he was ordered to come out of his cell that day. In his Amended Complaint, Plaintiff alleges that he was

4

being transported for a disciplinary hearing. AC at ¶ 116. However, at his deposition, Plaintiff testified that he was told that his removal was for a cell search in light of the incident earlier that morning. Plaintiff admits that, regardless of the reason for his removal, he told the corrections officers he "wasn't going" when informed that he was going to be moved to a cell near Reeder. Dkt. No. 383-2 at 218-19. Plaintiff was ultimately extracted from his cell by use of chemical agent, spent the night in the mental health unit, and was brought back to his original cell the following day. Dkt. No. 383-2 at 230-31. On these facts, summary judgment dismissing Plaintiff's June 21, 2018 retaliation claim is warranted, because, among other bases, it is undisputed that Plaintiff was going to be removed from his cell that morning regardless of any retaliatory animus.

### 2. June 22, 2018 Claims against Defendant Marshall

Plaintiff further contends that Defendant Marshall did not order him to remove his hands from the fixed protective hatch cover on June 22, 2018. Dkt. No. 412 at 2. To the extent Plaintiff contends that this is a disputed question of material fact rendering summary judgement improper, he did not raise this issue in his opposition to Defendants' motion for summary judgment, and the Court therefore need not consider this argument. *See Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."). Even if the Court were to consider this objection, Defendants submitted video evidence displaying multiple officers repeatedly directing Plaintiff to "put [his] hands in" as Plaintiff was returned to his cell that day, during which time Plaintiff screamed obscenities at them. Dkt. No. 380-3 Ex. P-6 at 18:00. Plaintiff did not deny receiving these orders from Defendants at his deposition, but testified that he could not remember what Defendant Marshall was saying to him as he pushed Plaintiff's hands

5

into his cell. Dkt. No. 383-2 at 246. Accordingly, there is no disputed material fact as to whether Plaintiff was ordered to place his hands in his cell during the June 22, 2018 incident rendering summary judgment improper.

### 3. Retention Straps

Plaintiff contends that there was no process to appeal orders directing the implementation of retention straps, presumably in support of his position that Defendants are not entitled to summary judgment on his Fourteenth Amendment Due Process claim. Dkt. No. 412 at 3. As Magistrate Judge Katz thoroughly noted in his report-recommendation, this contention is belied by the undisputed record evidence establishing that not only were restraint orders appealable through the prison grievance system, but that Plaintiff availed himself of the grievance process to complain about the retention strap orders on multiple occasions during his incarceration at Upstate Correctional Facility. Plaintiff has failed to advance any evidence sufficient to raise a material question of fact as to whether he was denied due process in this regard.

### 4. Defendants' Alleged Violation of the Local Rules

Plaintiff further asserts that Defendants' motion for summary judgment should be denied because they failed to file a Statement of Material Facts pursuant to Local Rule 56.1(a). Dkt. No. 412 at 3. There is no question, however, that Defendants did file a Statement of Material Facts in support of their motion. *See* Dkt. No. 380-1. Moreover, the enclosure letter that Plaintiff has submitted in support of this contention specifically identifies "Statement Pursuant to Local Rule 56.1(a)." Dkt. No. 424 at 6. Accordingly, Plaintiff's contention in this regard is completely meritless, and does not constitute a basis to deny Defendants' motion for summary judgment.

### 5. Objections Regarding Discovery

Plaintiff's remaining objections concern his general discontent with the discovery process in the underlying action, including his allegations that discovery was withheld by the Defendants. Dkt. Nos. 412 at 1-4, 417 at 1-4. The record reflects that Plaintiff has filed a dozen civil rights actions in this district and more than 50 actions in this and other jurisdictions, and has a displayed history of abusive and indiscriminate litigation tactics. The Chief Judge in this District recently issued a decision finding that Plaintiff garnered three strikes for having on at least three prior occasions brought an action or appeal that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim. *See Barnes v. Hochul,* Dkt. No. 9:23-cv-1490 (BKS/TWD) (N.D.N.Y.), Dkt. No. 119. This case, which has been pending since January 2019, was originally filed against more than 80 defendants. The Court has previously noted that considerable delays in this case were caused, in substantial part, by Plaintiff's conduct. Dkt. Nos. 273, 284. The docket further suggests that Plaintiff has been afforded significant leniency and liberties to ensure his access to discovery in this case, including multiple opportunities to review discovery material which he squandered by refusing to participate. *See* Dkt. Nos. 147, 152, 324. Upon the Court's review, it appears that Plaintiff's complaints with respect to discovery were the subject of numerous motions and requests, which the Court addressed repeatedly prior to the expiration of the discovery deadline and will not be rehashed at this stage of the litigation. Furthermore, to the extent Plaintiff contends that the motion for summary judgment should be denied due to outstanding discovery, he did not submit an affidavit under Rule 56(d) in opposition to the motion, nor has he described any of the four categories of information required for Rule 56(d) discovery.[2]

---

[2] "Fed. R. Civ. P. 56(d) permits the Court to, among other things, delay consideration of a summary judgment motion and reopen discovery if a 'nonmovant,' such as Plaintiff, 'shows by affidavit . . . that, for specified reasons, [he] cannot present facts essential to justify its opposition.'" *Upson v.*

7

Accordingly, Plaintiff's objections are not a bases to reject Magistrate Judge Katz's Report-Recommendation.

Having reviewed the remainder of Magistrate Judge Katz's Report-Recommendation for clear error, and having found none, the Court adopts the Report-Recommendation in its entirety.

### III. PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff filed a motion to "reverse summary judgment" and seeking a Court order that defense counsel pay $30,000 in sanctions to Plaintiff "for his brutal cold-hearted and callous disregard of Plaintiff . . . [that] has been harshly, excessive and repugnant over last sixteen (16) months or more." Dkt. No. 424 at 1. The crux of Plaintiff's motion is that Defendants failed to file a Statement of Material Facts in support of their motion for summary judgment pursuant to Local Rule 56.1(a). As previously discussed, this contention is completely meritless and belied by the record. Accordingly, Plaintiff's motion is denied.

### IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's Report-Recommendation, Dkt. No. 410, is **ADOPTED;** and it is further

**ORDERED** that Defendants' motion for summary judgment, Dkt. No. 380, is **GRANTED in part** and **DENIED in part;** and it is further

---

*Wilson*, No. 9:18-cv-1149 (LEK/CFH), 2022 WL 7278551, at *8 (N.D.N.Y. Mar. 11, 2022) (quoting Fed. R. Civ. P. 56(d)), *report and recommendation adopted*, 2022 WL 4591874 (N.D.N.Y. Sept. 30, 2022). "The Second Circuit 'has established a four-part test for [assessing] the sufficiency of [the] affidavit': the 'affidavit must include (1) the nature of the uncompleted discovery; (2) how the facts sought are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful.'" *Id.* (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)). Plaintiff has made no such showing in this case.

**ORDERED** that Defendants' motion for summary judgment is **DENIED** as to the following claims, which will proceed to trial:

(1) Plaintiff's Eighth Amendment failure to intervene claims against Defendants Truax, Fleury, Stephen, Helms, Jessica Page, and St. Mary, arising from an alleged assault by another inmate taking place on April 12, 2016;

(2) Plaintiff's Eighth Amendment excessive force and failure to intervene claims against Defendants Cook, Lamica, Ayers, Baily, Hoffnagle, and Derouchie, arising from an alleged use of force in the lower holding pen on February 13, 2017;

(3) Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Hollenbeck, Fletcher, and Salls, arising from alleged noise pollution generated by inmate Reeder;

(4) Plaintiff's First Amendment retaliation claim against Defendant Leclerc arising from the events taking place on February 8, 2016;

(5) Plaintiff's First Amendment retaliation claim against Defendant Randal Smith arising from the issuance of an allegedly false misbehavior report on October 19, 2016; and

(6) Plaintiff's First Amendment retaliation claim against Defendant Derouchie arising from the events taking place on February 13, 2017; and it is further

**ORDERED** that the Defendants' motion for summary judgment is in all other respects **GRANTED,** and the remaining claims and defendants are **DISMISSED** from this action; and it is further

**ORDERED** that Defendants Uhler, Woodruff, Gravin, Santamore, Scott, Bush, Russell, Howell, Marshall, Lincoln, Locke, Pryce, Law, Lord, Dimick, King, Burroughs, Burdette, Barkman, Bell, Thomas Smith, and Benjamin Page are **TERMINATED** as defendants in this matter.

**IT IS SO ORDERED.**

Dated: September 26, 2025

Elizabeth C. Coombe
U.S. District Judge